UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Dale Scott Heineman,<br><br>　　　　Plaintiff<br><br>v.<br><br>Stephanie M. Hinds et al.,<br><br>　　　　Defendants | Case No.: 2:23-cv-00448-JAD-VCF<br><br>**Granting Motion to Dismiss with Leave to Amend**<br><br>[ECF Nos. 25, 26, 52] |

Pro se plaintiff Dale Heineman brings this action to contest the denial of his Freedom of Information Act (FOIA) request for grand-jury documents from his 2005 criminal prosecution in the Northern District of California. The defendants move to dismiss his case for failure to state a justiciable claim, arguing that the individuals that Heineman sues are not proper defendants in a FOIA suit and, regardless, his claim fails as a matter of law because FOIA Exemption 3 and Federal Rule of Criminal Procedure (FRCP) 6(e) bar the disclosure of grand-jury material absent a particularized need, which Heineman has not alleged. Heineman opposes dismissal and seeks leave to amend his complaint to swap out one of his defendants with her successor. Because Heineman has failed to state a plausible claim or name a proper defendant, I grant the motion to dismiss. But I give him one last opportunity to amend to identify the right defendant and attempt to plead a proper legal claim by July 17, 2024.

**Background**

Dale Heineman was indicted by a grand jury in the Northern District of California in September 2005.[1] A superseding federal indictment charged him with conspiracy, mail fraud,

---

[1] Indictment, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 1.

bank fraud, criminal contempt, and forfeiture.[2] After the bank-fraud and contempt charges were dropped and the forfeiture charges were severed for a separate trial, Heineman went to trial without an attorney and was found guilty of conspiracy and mail fraud.[3]

Continuing to represent himself, Heineman moved to compel the government to produce the grand-jury transcripts from his two indictments, arguing that the grand jury was "manipulated into issuing an indictment outside their jurisdiction . . . [and] the transcripts will be clear and convincing evidence that [Heineman] has been prejudiced from the very onset of this prosecution by malicious intent."[4] The court admonished Heineman that he could not "go behind the workings of the grand jury in this manner" and denied his request.[5] It noted that Heineman had "gone to considerable efforts to throw as much sand as possible into the works [of his criminal prosecution], treating [his trial] as one vast practical joke . . . [and maintaining] no respect for the law or our system of justice."[6] He was sentenced to 260 months in prison[7] and was released last year.[8]

In December 2021, Heineman submitted a FOIA request for the "grand-jury concurrence form" from his criminal case.[9] The Department of Justice denied that request under 5 U.S.C.

---

[2] Superseding indictment, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 14.

[3] Jury verdict, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 531.

[4] Order denying motion for grand-jury testimony, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 566 at 16–17.

[5] *Id*. at 17.

[6] *Id*. at 17–18.

[7] Amended Judgment, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 656.

[8] Order to appear, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 870.

[9] ECF No. 19 at 13.

§ 552(b)(3) and FRCP 6(e).[10]  Heineman appealed that decision[11] but was denied again on the same grounds.[12]  He then sent a letter to the Clerk of Court for the Northern District of California requesting all the docketed records in his case, including all sealed documents and transcripts.[13]  He was directed to the court's website for instructions on obtaining copies of court documents.[14]  Heineman also sent a letter to former United States Attorney Stephanie Hinds requesting the grand-jury concurrence form, but he received no response.[15]

Heineman now sues Hinds, Assistant United States Attorney James Keller (who prosecuted his criminal case), and United States Attorney General Merrick Garland under the FOIA and the ADA, alleging that various subsections of FRCP 6, an assortment of Supreme Court and circuit-court case law, and multiple constitutional amendments entitle him to the grand-jury concurrence form and that withholding it creates "a disability to Plaintiff."[16]  The defendants move to dismiss his amended complaint for failing to state a justiciable claim.[17]  They point out that he sued the wrong defendants, as no target defendant would "be in possession of any government records that he seeks through FOIA."[18]  But even if he were to name the right defendants, they contend, dismissal is required because the documents he seeks

---

[10] *Id.* at 15.
[11] *Id.* at 18.
[12] *Id.* at 23.
[13] *Id.* at 26; *see also* letter requesting all records, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 859.
[14] ECF No. 19 at 36.
[15] *Id.* at 33.
[16] *Id.* at 7.  The thrust of this case as pled is a FOIA challenge.  To the extent that Heineman intends his claim to be an actual ADA claim, it is so wholly deficient that I don't even address it.
[17] ECF No. 25.
[18] *Id*. at 4.

are properly being withheld from disclosure under FOIA and FRCP 6(e), and Heineman has not satisfied his burden to show otherwise.[19]

Heineman responds that he has not been shown "any verified evidence" that proves he "does not have the right of access . . . [to the] grand-jury concurrence form."[20] He asserts that he was not afforded an opportunity to challenge the grand-jury proceedings and never waived his right to do so.[21] Heineman also requests leave to file a second-amended complaint to replace Hinds with her successor, United States District Attorney for the Northern District of California, Ismail Ramsey.[22] The defendants counter that his claim is still "implausible" despite the substituted defendant, so the court should deny his motion because he offers no new facts or legal theories to remedy its defects.[23]

## Discussion

**A.     The amended complaint fails to state a plausible claim for relief against any defendant.**

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[24] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[25] plaintiffs must make direct or

---

[19] *Id.* at 5–9.

[20] ECF No. 29 at 6 (cleaned up).

[21] *Id.* at 6.

[22] ECF No. 26 at 2–3. In his motion for leave to amend, Heineman included a request for an extra 30 days to file his response to the motion to dismiss. ECF No. 26 at 2–3. But he then timely filed a complete response to the motion to dismiss. So I deny his request for an extension of time as moot.

[23] ECF No. 31-1 at 3–4.

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

inferential factual allegations about "all the material elements necessary to sustain recovery under some viable legal theory."[26]  A complaint that fails to meet this standard must be dismissed.[27]

Of course, federal courts must also interpret all pleadings "so as to do justice,"[28] and the Supreme Court has consistently held that pro se pleadings like Heineman's are "to be liberally construed."[29]  So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim [that] would entitle [them] to relief."[30]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[31]

### 1. Heineman has sued the wrong defendants.

As the defendants correctly point out, Heineman has targeted the wrong defendants with this lawsuit.  In actions arising under FOIA, the proper defendant is the federal agency, not any individual employees of the agency.[32]  The Ninth Circuit explained this rule in *Drake v. Obama* when upholding the district court's dismissal of a FOIA action against Barack Obama, Joe

---

[26] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[27] *Id.* at 570.

[28] Fed. R. Civ. P. 8(e).

[29] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[30] *Id.* (cleaned up).

[31] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[32] *See, e.g.*, *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency.").

5

Biden, Hillary Clinton, and Robert Gates, among others, reasoning, "[w]e agree with the District Court that FOIA does not apply to any of the defendants because they are all individuals, not agencies."[33] The court noted that the authority for such a claim, 5 U.S.C. § 552(a)(4)(B), authorizes suit against agencies, not individuals, as it states that "on complaint, the district court has jurisdiction to enjoin *the agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant."[34]

Here, Heineman names as defendants in the caption of his amended complaint no agencies—just three individuals: Merrick Garland, United States Attorney General[35]; Stephanie M. Hinds, United States Attorney; and James Keller, Assistant United States Attorney. Because none of these defendants is an agency, Heineman's FOIA claim cannot be brought against them. So I grant the motion to dismiss Heineman's amended complaint for failure to state a plausible claim.

### 2. *Heineman's factual allegations fall short of stating a plausible claim.*

Heineman's amended complaint must be dismissed for the secondary reason that his allegations fail to state a legally viable theory of relief. By this action, Heineman seeks to compel the disclosure of the grand-jury concurrence form from his prior criminal case—a request that has been denied based on FOIA.[36] He alleges that the defendants perpetrated "fraud upon the court" by failing to produce the requested documents[37] and that they provide no

---

[33] *Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011) (cleaned up).

[34] *Id*. at 785 (quoting 5 U.S.C. § 552(a)(4)(B)) (emphasis added).

[35] Although Heineman lists Attorney General Garland as a defendant in the caption, Garland is not identified in the body of the amended complaint as a party. *See* ECF No. 19.

[36] *Id*. at 1–2.

[37] *Id.* at 7, 10.

evidence proving that he waived his right to challenge the grand-jury concurrence forms.[38] The defendants argue that the grand-jury documents that Heineman seeks are exempt from disclosure under a combination of FOIA Exemption 3 and FRCP 6(e), which prohibit the release of the grand-jury concurrence forms absent a showing of a particular need.[39] Heineman's response does not challenge the applicability of Exemption 3 or FRCP 6(e), but instead repeats many of the same allegations from the amended complaint.[40]

> ### *a. When deciding to release grand-jury material, a court must balance the particularized need for the documents against the policy of secrecy.*

A federal district court has jurisdiction to review de novo the denial of a FOIA request.[41] Exemption 3 of the Privacy Act permits the denial of a FOIA request if another statute bars the disclosure of the requested information.[42] FRCP 6(e) is considered a statute for purposes of Exemption 3[43] and prohibits the disclosure of "matters occurring before the grand jury."[44] This rule "recognize[s] that the proper functioning of our grand[-]jury system depends upon the

---

[38] *Id.* at 8.

[39] ECF No. 25 at 5–8.

[40] ECF No. 29.

[41] 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

[42] 5 U.S.C. § 552(b)(3).

[43] *Lopez v. Dep't of Just.*, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (holding that "requests for documents related to grand jury investigations implicate FOIA's third exemption").

[44] Fed. R. Crim. P. 6(e)(2); *see Standley v. Dep't of Just.*, 835 F.2d 216, 218 (9th Cir. 1987).

secrecy of grand[-]jury proceedings."[45]  "Courts construing Rule 6(e)(2) have stated that its scope extends to anything which may reveal what occurred before the grand jury."[46]

But Rule 6(e) is not an absolute prohibition against disclosure of all grand-jury documents.[47]  When a court is presented with a request for substantive grand-jury documents, it must weigh the particularized need for the disclosure against the continuing need for grand-jury secrecy.[48]  And "[a]s the considerations justifying secrecy become less relevant, a party asserting a need for grand[-]jury transcripts will have a lesser burden in showing justification."[49]

### b.  *Heineman has not alleged a particular need for the grand-jury documents.*

To determine whether Heineman has a particularized need for the grand-jury concurrence forms, a court must find "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed."[50]  Heineman has the burden of demonstrating his particularized need for the forms.[51]  But "[m]ere unsubstantiated, speculative assertions of improprieties in the [grand-jury] proceedings do not supply the particular need required to outweigh the policy of grand[-]jury secrecy."[52]

---

[45] *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).

[46] *Standley*, 835 F.2d at 218 (quoting *In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir.1982)); *Hodge v. F.B.I.*, 703 F.3d 575, 580 (D.C. Cir. 2013) (noting that Rule 6(e) protects "the deliberations or questions of jurors").

[47] *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1078 (9th Cir. 2015).

[48] *Douglas Oil Co.*, 441 U.S. at 223.

[49] *Id.*

[50] *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991).

[51] *Douglas Oil Co.*, 441 U.S. at 223.

[52] *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (cleaned up).

Heineman claims that he wants the defendants to "produce verified evidence that demonstrates or proves that [they] appeared before the grand jury to obtain the superseding indictment . . . where 12 grand jurors concurred out of 16 grand jurors."[53] But he does not explain the particular need for this confirmation. He is not approaching trial and requesting grand-jury documents to impeach a witness, refresh recollection, or test credibility.[54] Nor is he requesting material that was created independent of the grand-jury process.[55] He seeks the release of documents that convey how the grand jury voted on the material that it had before it, and he has not alleged any facts that show such a disclosure will help avoid a possible injustice. Indeed, the Ninth Circuit has interpreted Rule 6(e) protection to extend to "votes of [grand] jurors on substantive issues,"[56] and a tally of all the jurors' votes on whether to indict Heineman places these documents squarely in the purview of Rule 6(e), which "protect[s] against disclosure of what is said or takes place in the grand[-]jury room."[57] Without an articulable purpose for disclosure, Rule 6(e) controls.

And although the need for continued secrecy is less obvious now that Heineman's criminal case is closed, "the interests in grand[-]jury secrecy . . . are not eliminated merely because the grand jury has ended its activities."[58] The balance between a reduced need for

---

[53] ECF No. 19 at ¶ 28.

[54] *See Douglas Oil Co.*, 441 U.S. at 222 n.12 (providing examples of a "typical showing of particularized need") (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)).

[55] *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412 (9th Cir. 1993) (finding that "disclosure of business records independently generated and sought for legitimate purposes, would not seriously compromise the secrecy of the grand jury's deliberations") (cleaned up).

[56] *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1982).

[57] *Dynavac, Inc.*, 6 F.3d at 1411.

[58] *Douglas Oil Co.*, 441 U.S. at 222 (explaining that "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries").

secrecy weighed against no particularized need whatsoever tips in favor of nondisclosure. Because Heineman has not alleged facts articulating a particularized need for the grand-jury concurrence forms, he has not stated a claim under FOIA.

### 3. The court grants Heineman leave to file a second-amended complaint—but not the one he proposes.

Because it is not yet certain that Heineman cannot allege additional, true facts that show that he can overcome the restrictions of Exemption 3 and FRCP 6(e), and FRCP 15(a)(2) requires courts to freely give leave to amend when justice so requires, I give him one more chance to amend his complaint before I dismiss this case with prejudice. But the leave that I grant isn't permission to file the second-amended complaint that Heineman has proposed at ECF No. 26-1. That proposed amendment merely replaces defendant Stephanie Hinds, former United States Attorney for the Northern District of California, with Ismail Ramsey, the current United States Attorney for that district.[59] And since a FOIA claim must be asserted against the agency in possession of the documents and not an individual employee of the agency, replacing Hinds with Ramsey wouldn't remedy the problems that led to the dismissal of Heineman's amended complaint: individual defendants instead of an agency defendant, and insufficient allegations about his particularized need for the grand-jury forms. So I deny Heineman's motion for leave to file that second-amended complaint, but I grant him leave to file an amended complaint nonetheless if he can name as the defendant the proper target agency and allege true facts showing a particularized need for the documents that he wants disclosed.

---

[59] ECF No. 26 at 1.

### B. Heineman's motion for clarification and to strike a duplicative filing

Finally, Heineman moves to strike two documents from the record: (1) a second filing of his April 15, 2024, notice of demand for the oaths of office for myself and Magistrate Judge Couvillier[60] and (2) the magistrate judge's minute order denying that motion as duplicative.[61] Heineman contends that he didn't double-file the demand, and he asks that the duplicative filing and the denial of it be stricken from the record.[62] Although this court cannot determine why the April 15th demand was double-filed, it appears that it was.[63] The court accepts Heineman's representation that he did not submit the document twice, so the duplication was an error in the Clerk's office, and the defendants have filed no opposition to this motion. I thus grant the request to strike both the duplicative filing and the minute order denying it.

### Conclusion

IT IS THEREFORE ORDERED that plaintiff Dale Heineman's "Clarification for the Record and Notice of Demand to Strike from the Record" ECF Nos. 49 and 50 **[ECF No. 52] is GRANTED. The Clerk of Court is directed to STRIKE ECF Nos. 49 and 50.**

IT IS FURTHER ORDERED that the motion to dismiss **[ECF No. 25] is GRANTED** and the motion for leave to amend **[ECF No. 26] is DENIED. This case is dismissed without prejudice and with leave to amend by July 17, 2024.**

If Heineman chooses to file a second-amended complaint to cure the defects identified in this order, he must do so by July 17, 2024. He is advised that an amended complaint replaces the original complaint, so it must be complete in itself without reference back to an earlier version of

---

[60] ECF No. 49.
[61] ECF No. 50.
[62] ECF No. 52.
[63] *See* original filing at ECF No. 47.

the complaint. The amended complaint must be titled "Second Amended Complaint" and it must no longer name as a defendant any individual person. If the plaintiff does not file a second amended complaint by July 17, 2024, the court will construe that failure as the plaintiff's inability to cure the defects in this order and will dismiss this case with prejudice and close it without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
June 17, 2024