UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dale Scott Heineman,

    Plaintiff

v.

James E. Keller, et al.,

    Defendants

Case No.: 2:23-cv-00448-JAD-MDC

**Order Granting Motion to Dismiss and Closing Case**

[ECF No. 59]

    Dale Scott Heineman sues United States Attorney General Merrick Garland, United States Attorney for the Northern District of California Ismail Ramsey, Assistant United States Attorney James E. Keller, and 1,000 Doe defendants, claiming that their failure to produce grand-jury materials relating to his past prosecution for various fraud crimes in the Northern District of California violates the Freedom of Information Act and the Americans with Disabilities Act.[1] This court dismissed Heineman's first-amended complaint with leave to amend,[2] and he timely filed a second-amended complaint.[3] The defendants now move to dismiss that second-amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Heineman still fails to state a plausible claim or name a proper defendant.[4] Because Heineman has not pled a plausible legal claim or named any appropriate defendant, nor has he shown that he could do so in the future if granted leave to amend a third time, I grant the motion and dismiss this case with prejudice.

---

[1] ECF No. 57.
[2] ECF No. 54.
[3] ECF No. 57.
[4] ECF No. 59.

**Background**

Almost 20 years ago, Heineman was indicted by a grand jury and ultimately convicted of conspiracy and mail fraud in the United States District Court for the Northern District of California.[5] He submitted a Freedom of Information Act (FOIA) request for a "grand-jury concurrence form" in December 2021,[6] which the Department of Justice denied under 5 U.S.C. § 552(b)(3) and Federal Rule of Criminal Procedure (FRCP) 6(e).[7] Heineman unsuccessfully appealed that denial.[8] Continuing his pursuit of these documents, Heineman now sues to challenge the denial, citing a myriad of statutes, constitutional amendments, and cases.[9]

Heineman's second-amended complaint seeks the production of grand-jury materials including "concurrence forms" and "verified evidence" that the government complied with FRCP 6.[10] The defendants move to dismiss, arguing that, despite amendment, Heineman's complaint still does not state a plausible claim or name a proper defendant.[11] Heineman opposes the motion by referencing sovereign-citizen-type principles and ex post facto laws, but he doesn't address the defendants' arguments.[12]

---

[5] Indictment, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 1; superseding indictment, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 14; jury verdict, *United States v. Heineman*, 3:05-cr-00611-WHA (N.D. Cal.), ECF No. 531.

[6] ECF No. 57 at 21 (cleaned up).

[7] *Id.* at 23.

[8] *Id.* at 26; 31–32.

[9] *Id.* at 1–18.

[10] *Id.* at 10–14, ¶ 23–31.

[11] ECF No. 59.

[12] ECF No. 60.

**Discussion**

**A.     Heineman still hasn't stated a plausible claim.**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[13]  A court evaluating a Rule 12(b)(6) motion to dismiss must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[14]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[15]  But federal courts must also interpret all pleadings "so as to do justice,"[16] and the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[17]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."[18]

---

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[15] *Twombly*, 550 U.S. at 570.
[16] Fed. R. Civ. P. 8(e).
[17] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).
[18] *Id.* (cleaned up).

3

> **1.     *Heineman hasn't articulated a particularized need for the grand-jury materials that he seeks.***

Exemption 3 of the Privacy Act permits the denial of a FOIA request if another statute prohibits disclosure of the requested information.[19]  FRCP 6(e), which is considered a statute for Exemption 3 purposes,[20] bars the disclosure of "matters occurring before the grand jury."[21]  "Courts construing Rule 6(e)(2) have stated that its scope extends to *anything* which may reveal what occurred before the grand jury."[22]  The Supreme Court has noted that "the proper functioning of our grand-jury system depends upon the secrecy of grand-jury proceedings"[23] but acknowledges that limited disclosure of grand-jury materials can be appropriate upon a "particularized [and] discrete showing of need."[24]  The Ninth Circuit instructs district courts to release grand-jury transcripts only when three requirements are met: "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed."[25]

When granting Heineman leave to amend his complaint for a second time, I explained that he had the burden of alleging facts to show his particularized need for the documents he

---

[19] 5 U.S.C. § 552(b)(3).

[20] *Lopez v. Dep't of Just.*, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (holding that "requests for documents related to grand jury investigations implicate FOIA's third exemption").

[21] Fed. R. Crim. P. 6(e)(2).

[22] *Standley v. Dep't of Just.*, 835 F.2d 216, 218 (9th Cir. 1987) (cleaned up) (emphasis added).

[23] *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) (cleaned up).

[24] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958).

[25] *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991) (cleaned up).

seeks.[26] But his second-amended complaint still does not allege such facts. He cites a plethora of case law and constitutional amendments but does not explain his particularized need for the documents that he seeks. Without alleging true facts showing his need for disclosure, Heineman lacks the factual support necessary for a facially plausible claim.

>   **2.   The other documents that Heineman seeks weren't included in his FOIA request.**

Heineman also seeks a "certified full and complete record for inspection" in his second-amended complaint.[27] He asserts a broad right to review "all sealed and docketed filings" and interviews that he believes were disposed of by Bureau of Prisons staff.[28] But Heineman's FOIA request sought only grand-jury concurrence forms, it didn't mention these other items.[29]

The Ninth Circuit has held that FOIA requesters generally must exhaust administrative remedies before suing to challenge an agency's response.[30] This exhaustion requirement "protect[s] administrative agency authority and promot[es] judicial efficiency."[31] The requirement can be constructively satisfied in certain circumstances, like an agency failing to respond to a request before the statutory deadline passes.[32]

The record for this matter doesn't show that Heineman ever made a FOIA request for the full and complete record that he now seeks in his second-amended complaint. The subject of his

---

[26] ECF No. 54 at 7–8.
[27] ECF No. 57 at 13–14, ¶ 31.
[28] *Id.*
[29] *Id.* at 21.
[30] *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (9th Cir. 2024).
[31] *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021).
[32] *Corbett*, 116 F.4th at 1028.

FOIA request was "Grand Jury Concurrence," and the request itself only stated that he was seeking the grand-jury concurrence form related to his indictment.[33] Heineman cannot actually or constructively exhaust administrative remedies for a FOIA request that he never made. So Heineman cannot state a justiciable claim for these additional materials.

### 3. *Heineman's ADA theories are inapposite to the facts of this case.*

Heineman's ADA claim falls far afield from any supportable legal theory. The ADA defines disability as a "physical or mental impairment that substantially limits one or more major life activities" like an individual's ability to walk or read.[34] The statute provides that merely being perceived as having a disability can be sufficient, but that disability still must be a physical or mental impairment.[35] Mental impairments that might ordinarily be considered a disability under the ADA include schizophrenia and personality disorders.[36] The Supreme Court has cautioned the Ninth Circuit against being "too quick to find a disability," even when a plaintiff alleges a condition that "ordinarily will meet the [ADA's] definition of disability."[37]

Heineman appears to theorize that the defendants have violated the ADA by failing to provide him with the documents that he seeks.[38] He claims that the Americans with Disabilities Act (ADA) compels the defendants to produce the evidence because "he who creates the

---

[33] ECF No. 57 at 21.

[34] 42 U.S.C. § 12102(1)–(2).

[35] 42 U.S.C. § 12102(1)(C).

[36] *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 593 (1999) (acknowledging that institutionalized psychiatric patients, one diagnosed with schizophrenia and the other with a personality disorder, had mental disabilities under the ADA).

[37] *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 564, 567 (1999) (cleaned up).

[38] ECF No. 57 at 14–15, ¶ 29.

6

disability must cure the disability."[39]  There is no support in the text of the ADA for the proposition that his lack of access to certain grand-jury materials is considered a disability under the statute.  And Heineman doesn't cite any precedent, nor is this court aware of any, that supports extending the ADA to disclosure of grand-jury materials.  Nor does he identify any other physical or mental impairment that may have impacted the denial of his FOIA request or provide any facts to show that the government discriminated against him based on such a disability.  So Heineman doesn't state a plausible ADA claim.

**B.    Heineman still hasn't named an appropriate defendant to his FOIA claim.**

Even if Heineman had pled a viable legal theory, his FOIA claim must still be dismissed because he has failed to identify a proper target defendant.  FOIA applies to agencies, not individuals.[40]  5 U.S.C. § 552(a)(4)(B) grants district courts jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."[41]  The Ninth Circuit has interpreted this provision to apply only to agencies themselves, referencing the Fifth Circuit's conclusion that "a FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."[42]

My previous order dismissing Heineman's first-amended complaint clearly laid out the requirements for Heineman to successfully amend his complaint, which included naming an appropriate agency rather than individual defendants.[43]  But he ignored that guidance as his second-amended complaint still names only individual defendants; the only change to named

---

[39] *Id.*

[40] *Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011).

[41] 5 U.S.C. § 552(a)(4)(B).

[42] *Drake*, 664 F.3d at 785–86 (quoting *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010)).

[43] ECF No. 54 at 10.

parties is the substitution of Ismail Ramsey for Stephanie Hinds.[44] No agency is named, and thus Heineman's second-amended complaint fails to identify any appropriate defendant for his FOIA claim.

**C.    This suit is dismissed with prejudice because leave to amend would be futile.**

FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires,"[45] but the Supreme Court has recognized that "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment" are reason enough to deny such leave.[46] District courts consider the following factors to determine if leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment.[47] Absent "apparent or declared" futility, a factually supported showing of prejudice, or a heavy influence of the other factors, there is a strong presumption in favor of permitting amendment.[48]

When dismissing Heineman's first-amended complaint, I granted him "one last opportunity to amend" before I dismissed his case with prejudice.[49] I explained that Heineman needed to name appropriate agencies as defendants and "allege true facts showing a particularized need for the documents" he seeks.[50] But his second-amended complaint follows

---

[44] ECF No. 57 at 1.
[45] Fed. R. Civ. P. 15(a).
[46] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[47] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).
[48] *Foman*, 371 U.S. at 182.
[49] ECF No. 54 at 10.
[50] *Id.*

neither of these directives, and I conclude that Heineman's failure to plead these necessary allegations despite clear direction means that Heineman is unable to do so. Given the apparent futility of allowing Heineman to amend again, I do not grant Heineman leave to file a third-amended complaint.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 59] is GRANTED**, and **this action is DISMISSED with prejudice.** The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
October 30, 2024

9